IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TYLER L. HARDY,<br><br>Petitioner,<br><br>vs.<br><br>ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondent. | Cause No. CV 14-52-BLG-SPW-CSO<br><br>ORDER and FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

On April 17, 2014, Petitioner Tyler Hardy filed this action under 28 U.S.C. § 2254. Hardy is a state prisoner proceeding pro se. In response to a letter from the Clerk of Court, on May 14, 2014, Hardy filed a formal petition, a motion to proceed in forma pauperis, and a motion for the appointment of counsel. On May 15, 2014, he supplemented his motion to proceed in forma pauperis.

The Court finds Hardy has sufficiently shown he cannot afford to pay all costs that may be associated with this action. The motion to proceed in forma pauperis will be granted. In light of the recommendation below, however, his motion for counsel is moot.

Hardy alleges that he has been held in custody and/or under supervision beyond the date when his sentence should have been discharged. Pet. Supp. (Doc. 3-1) at 2-4. Federal courts may not hear a claim made by a person convicted in

1

state court unless the claim has first been fairly presented to the state courts, and an opportunity to present that claim remains available. In other words, if a state prisoner may proceed in state court rather than federal court, he must. *See Rose v. Lundy*, 455 U.S. 509, 520 (1982); *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002).

Hardy's petition states that he has not raised, in any state court at any time, the claim he asks this Court to consider. Pet. (Doc. 3) at 3-4 ¶¶ 6-12. As of May 14, 2014, the records of the Montana Supreme Court showed no case in Hardy's name, pending or closed. A state remedy is available to Hardy. Mont. Code Ann. § 46-22-101; *see also* Pet. at 6 ¶ 15(f). Because Hardy may proceed in state court, the federal petition should be dismissed without prejudice.

"The district court must issue or deny a certificate of appealability [COA] when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Because Hardy has not presented his claim in the state courts, and because he still

may, dismissal is appropriate. A COA is not warranted.

Based on the foregoing, the Court enters the following:

## ORDER

1. Hardy's motion to proceed in forma pauperis (Doc. 4) is GRANTED. The Clerk of Court shall waive payment of the filing fee for this action.

2. Hardy's motion for the appointment of counsel (Doc. 5) is MOOT.

The Court also enters the following:

## RECOMMENDATION

1. The Petition (Docs. 1, 3) should be DISMISSED.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Hardy may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.

<u>Hardy must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of this action without notice to him.

DATED this 19th day of May, 2014.

<u>/s/   Carolyn S. Ostby</u>
United States Magistrate Judge